**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5570-16T3

TAMI CORRELLO,

     Plaintiff-Respondent,

v.

DOUGLAS CORRELLO,

     Defendant-Appellant.

_____

Argued November 5, 2018 – Decided November 20, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FM-11-0393-03.

Douglas G. Corrello, appellant, argued the cause pro se.

Respondent has not filed a brief.

PER CURIAM

     This post-judgment matrimonial matter returns to us after remand proceedings directed by our previous opinion. See Corrello v. Corrello, No. A-

0292-12 (App. Div. Dec. 29, 2016). As we directed, the trial judge recalculated defendant's alimony and child support obligations, determined the appropriate credits due plaintiff as a result of those adjustments, and granted plaintiff's motion for counsel fees and costs. The judge explained the basis for his rulings in a comprehensive forty-eight-page oral opinion containing his detailed findings of fact and conclusions of law.

Defendant appeals from the July 14, 2017 and August 8, 2017 orders memorializing the judge's decision, and raises the following contentions:

> I. THE TRIAL COURT IMPROPERLY INCLUDED DEFENDANT'S PREVIOUSLY EQUITABLY DISTRIBUTED PENSION, AND DISABILITY PORTION OF PENSION, WHEN EVALUATING THE CURRENT ALIMONY AWARD.
>
> II. THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER THE PARTIES['] CURRENT FINANCIAL SITUATION AS REQUIRED BY N.J.S.A. 2A:34-23(a) AND (b).
>
> III. THE TRIAL COURT ERRED WHEN IT DID NOT REQUIRE PLAINTIFF TO DISCLOSE THE TERMS AND AMOUNT OF HER INHERITANCE. THE TRIAL COURT WAS NOT ABLE TO PERFORM A PROPER ALIMONY ANALYSIS DUE TO PLAINTIFF'S WITHHOLDING OF SIGNIFICANT INHERITANCE, ASSETS AND TRUST FUNDS AVAILABLE TO HER.

A-5570-16T3

IV.  THE TRIAL COURT ERRED IN IMPUTING "INTEREST INCOME" TO DEFENDANT.

V.  THE TRIAL COURT ERRED IN RETROACTIVELY RECALCULATING CHILD SUPPORT FOR RELIEF NOT PREVIOUSLY REQUESTED OR NOTICED.

VI.  THE TRIAL COURT ERRED IN ITS AWARD OF ATTORNEY FEES AND SHOULD BE REVERSED.

A.  THE TRIAL COURT ORDER FOR APPENDIX FEE'S [SIC] SHOULD BE REVERSED.

B.  THE TRIAL COURT ORDER FOR PLAINTIFF'S FEES FOR THE 2012 CROSS[-]MOTION SHOULD BE REVERSED.

C.  THE TRIAL COURT DECISION FOR THE AWARD OF ATTORNEY FEES FOR THE PLENARY HEARING, THE APPEAL, AND THE REMAND, ARE CONTRARY TO [N.J.S.A.] 2A:34-23, NOT SUPPORTED BY THE RECORD, AND SHOULD BE REVERSED.

VII.  THE TRIAL COURT FAILED TO GIVE WEIGHT TO PLAINTIFF'S SUBMISSION WHICH INCLUDED INFORMATION IN REGARD TO PLAINTIFF'S SUBSEQUENT MARRIAGE. THIS SHOULD TERMINATE ALIMONY IN THIS CASE (ISSUE NOT RAISED BELOW).

3

VIII.  FURTHER PROCEEDINGS IN THIS MATTER
SHOULD BE HEARD BY A DIFFERENT
JUDGE.

Based on our review of the record and the applicable law, we conclude that defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We affirm substantially for the reasons set forth in the trial judge's thorough decision.  We add the following brief comments.

The scope of our review of the Family Part's order is limited.  We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).  Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we "'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent

with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412). We will only reverse the judge's decision when it is necessary to "'ensure that there is not a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'" Id. at 48 (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Applying these principles, defendant's arguments concerning the July 14, 2017 and August 8, 2017 orders reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the judge. The record amply supports the judge's factual findings and, in light of those findings, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5570-16T3